UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID W. PIERCE,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

        Defendant.
_____

5:09-CV-0813
(GTS/VEB)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY & SHURTLIFF LLC<br>  Counsel for Plaintiff<br>300 South State Street, 5th Floor<br>Syracuse, New York 13202 | HOWARD D. OLINSKY, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REGIONAL GEN. COUNSEL<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, New York 10278 | CHRISTOPHER J. BRACKETT, ESQ.<br>DENNIS J. CANNING, ESQ. |

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this action, filed by David W. Pierce ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Commissioner" or "Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that Plaintiff's motion for judgment on the pleadings be granted, the Commissioner's motion for judgment on the pleadings be denied, the decision of the

Commissioner be reversed in part, and the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings; (2) Defendant's Objections to the Report-Recommendation; and (3) Plaintiff's Response to Defendant's Objections. (Dkt. Nos. 14, 15, 16.) For the reasons set forth below, Defendant's Objections are rejected, Magistrate Judge Bianchini's Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's motion for judgment on the pleadings is granted, the Commissioner's motion for judgment on the pleadings is denied, the decision of the Commissioner is reversed in part, and the case is remanded to the Commissioner for further administrative proceedings.

I.  RELEVANT BACKGROUND

    A.  **Procedural History**

Because neither party has objected to Part II of Magistrate Judge Bianchini's Report-Recommendation setting forth the procedural background of this action, the Court adopts Part II's description of this action's procedural background. (*See generally* Dkt. No. 14, at [Report-Rec].) Having done so, the Court will proceed to a description of the relevant events giving rise to this action.

On February 1, 2006, Plaintiff applied for supplemental security income ("SSI") and disability insurance benefits ("DIB"). (*See* Administrative Transcript ["T."] at 35-36, 44-46.)[1] On April 25, 2006, his applications were initially denied by the Social Security Administration. (T. 43.) On April 17, 2008, a hearing was held before an Administrative Law Judge ("ALJ") of

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

the Social Security Administration.

On July 23, 2008, the ALJ issued a decision granting in part and denying in part Plaintiff's applications. (T at 20-33.) In his decision, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled,[2] and concluded that Plaintiff was disabled with respect to the period between August 30, 2002, and August 16, 2005, but not after that date. (Dkt. No. 14.) More specifically, in reaching this conclusion, the ALJ made the following findings: (1) Plaintiff met the insured status requirements of the Social Security Act as of August 30, 2002, the date of alleged onset; (2) Plaintiff did not engage in substantial gainful activity between August 30, 2002, and April 1, 2007, but had engaged in substantial gainful activity after that date; (3) between August 30, 2002, and August 16, 2005, Plaintiff had residual status post fracture of the right tibia, combined ankle fracture, and drug and alcohol dependence, all of which are considered "severe" impairments under the Act; (4)

---

[2] "In the first step, the ALJ determines whether the claimant has engaged in 'substantial gainful activity' since the alleged onset of the disability." *Doyle v. Astrue*, 08-CV-0641, 2009 WL 4893641, at *2 (N.D.N.Y. Dec. 15, 2009) (McAvoy, J.) (citing 20 C.F.R. § 404.1520[a][4][i]). "If not, the next inquiry is whether the claimant suffers from a medically determinable 'severe' impairment established by medical evidence including signs, symptoms and laboratory findings." *Doyle*, 2009 WL 4893641, at *2 (citing 20 C.F.R. at § 404.1520[a][4][ii], § 404.1528). "Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities." *Id*. (citing 20 C.F.R. at § 404.1521[a]). "Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing 'substantial gainful activity.'" *Id*. (citing 20 C.F.R. at §§ 404.1520[a][4][iii], 404.1525[a]). "If so, the individual is considered 'disabled' under the Act and the inquiry ends. *Id*. (citation omitted). "If not, the inquiry continues to the last two steps to determine whether the claimant has the [Residual Functional Capacity or "RFC"] to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience." *Id*. (citing 20 C.F.R. at § 404.1520[a][4][iv][v]; *Berry v. Schweiker*, 675 F.2d 464, 467 [2d Cir. 1982]).

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix I (the "Listings"); (5) however, from August 30, 2002, through August 16, 2005, Plaintiff lacked all ability to perform sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule; (6) considering Plaintiff's age (48 as of the alleged onset date), education (high school), work experience (unskilled, nontransferable), and residual functional capacity ("RFC"), there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed during this time period; (7) accordingly, Plaintiff was disabled with respect to the period between August 30, 2002, and August 16, 2005.

In concluding that Plaintiff was disabled during this time period, the ALJ did not find Plaintiff's substance abuse to be a contributing factor material to the determination of disability. (*Id*.) The ALJ also found that medical improvement occurred as of August 17, 2005, after which point Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567 (b) and 416.967 (b), which did not include his past relevant work, but did include a significant number of jobs in the national economy. (*Id*.) Thus, the ALJ found that Plaintiff's disability ended on August 17, 2005, and he was therefore not entitled to benefits after that date. (*Id*.)

Plaintiff appealed from the ALJ's decision to the Social Security Administration's Appeals Council. (T. 2-4.) On June 18, 2009, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant. (T 2-4.) On July 17, 2009, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in his brief in support of his Complaint, Plaintiff asserts the following four

arguments: (1) the ALJ erred in its assessment of Plaintiff's credibility (Dkt. No. 14 at 7-14); (2) the ALJ failed to adequately develop the administrative record because he did not order a consultative psychiatric examination (*id*. at 7, 15-16); (3) the ALJ's light work RFC assessment was not supported by substantial evidence (*id*. at 7, 16-17); and (4) the ALJ erred in its application of the Medical-Vocational Guidelines set forth at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly called "the Grids" or the "Grid") (*id*. at 7, 17-18). Generally, in his brief in response to Plaintiff's brief, Defendant disagrees with each of these four arguments, and argues that the decision finding Plaintiff disabled only from August 30, 2002, until August 16, 2005, should be affirmed. (Dkt. No. 15.)

      B.      **Magistrate Judge Bianchini's Report-Recommendation**

On July 26, 2010, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be granted, the Commissioner's motion be denied, the decision of the Commissioner be reversed in part, and the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings. (Dkt. No. 14.) Generally, Magistrate Judge Bianchini based his recommendation on the following grounds: (1) the ALJ did not adequately develop the record when assessing Plaintiff's credibility; (2) the ALJ did not err in declining to order a consultative psychiatric evaluation; (3) the ALJ's RFC determination was fatally flawed because it was heavily based upon Dr. Scerpella's August 2005 assessment, and the record contains sufficient evidence to question whether that assessment was rendered stale by subsequent events; and (4) the ALJ's consultation of the Grids was based upon his flawed RFC assessment with regard to Plaintiff's physical limitations, and the step 5 analysis should therefore be revisited. (*Id*.)

### C.     Defendant's Objections to the Report-Recommendation

On August 2, 2010, Defendant timely filed his Objections to the Report-Recommendation.  (Dkt. No. 15.)  Generally, in his Objections, Defendant argues that the Court should reject the Report-Recommendation because the ALJ correctly applied the law and found facts based on substantial evidence, and therefore Magistrate Judge Bianchini's determination that the ALJ should have developed the record further regarding the medical evidence was incorrect.  (Dkt. No. 15.)  On August 16, 2010, Plaintiff filed his Response to Defendant's Objections.  (Dkt. No. 16.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1)(C).[3]  When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest

---

[3]     On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 14, at 3-5.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.**      **ANALYSIS**

Because Defendant's Objections to the Report-Recommendation are specific, the Court reviews Magistrate Judge Bianchini's Report-Recommendation *de novo*.  After doing so, the Court concludes that Magistrate Judge Bianchini's thorough Report-Recommendation is correct

---

[4] *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

in all respects.  Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only three points.  First, by encouraging Plaintiff to be seen by Dr. Scerpella and ordering the consultative examination that Dr. Sinha conducted in lieu of re-contacting Dr. Scerpella,[5] the ALJ implicitly acknowledged that it would not be appropriate to rely solely on an opinion from August 2005 to determine whether Plaintiff was able to work full time after that date.  Therefore, regardless of whether Dr. Sinha's findings were inconsistent, it was improper for the ALJ to do later what he recognized earlier to be improper; i.e., base his decision of Plaintiff's ability to work after August 16, 2005, on Dr. Scerpella's opinion rendered on August 16, 2005.  At the very least, if the ALJ found Dr. Sinha's findings to be inconsistent, he should have ordered a second consultative examination by a different doctor.

Second, even assuming that Dr. Sinha's consulative evaluation was entitled to little or no weight because of its inconsistencies, and that competing interests weighed in favor of not ordering a second consultative examination, other evidence in the record precluded the ALJ from finding Dr. Scerpella's opinion "wholly reliable."  For example, in March 2006, less than one year after Dr. Scerpella rendered his opinion that Plaintiff was able to work full time, Dr. Shayevitz performed a consulative medical examination of Plaintiff and opined that Plaintiff continued to suffer residual pain in his right leg and would have limitations with "prolonged" standing, walking, or stair climbing.  This opinion is consistent with Plaintiff's testimony that he

---

[5] The record reflects that Plaintiff was unable to be seen by Dr. Scerpella because he did not have insurance or an ability to pay for treatment.

lost his maintenance job, where he worked sporadically between 2005 and 2007, due to problems with his leg.  Indeed, the fact that Plaintiff attempted to work in 2005 supports a finding that he believed he was able to do so, just as Plaintiff losing his job supports a finding that a third party, i.e., his former employer, believed he was no longer able to do so.  Simply put, there was evidence in the record, beyond the findings of Dr. Sinha, that established a deterioration in Plaintiff's condition after Dr. Scerpella rendered his opinion on August 16, 2005, and therefore the ALJ erred in finding Dr. Scerpella's opinion from 2005 "wholly reliable," and not re-contacting Dr. Scerpella to determine if Plaintiff's condition had worsened since August 16, 2005.

Third and finally, even assuming that Plaintiff admitted that he could lift 35 pounds,[6] such an "admission," without any context in which to place it (i.e., information regarding on what date he was able to lift this weight, how many times he was able to lift this weight, and how frequently he was able to lift this weight), does not support a per se finding that Plaintiff is therefore able to work full time.  *See Wood v. Comm'r of Soc. Sec.*, 06-CV-0157, 2009 WL 1362971, at *6 (N.D.N.Y. May 14, 2009) (Lowe, M.J. adopted by Scullin, J.) (noting that "judges in th[e Northern] District and in the Eastern and Western Districts of New York have remanded cases based on the ALJ's failure to explicitly discuss a function-by-function analysis in the hearing decision").

---

[6] As Magistrate Judge Bianchini noted, when asked how much he could lift and carry, Plaintiff testified, "35 pounds is what they put me on for limitations for lifting."  (Dkt. No. 14, at 17.)

**ACCORDINGLY**, it is

**ORDERED** that United States Magistrate Judge Victor E. Bianchini's Report-Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this action is **REMANDED** to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: March 16, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge